IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROGER PETER RINALDI,

                Plaintiff,

  v.

STATE OF WISCONSIN,
WISCONSIN SUPREME COURT,
PATIENCE D. ROGGENSACK,
WISCONSIN OFFICE OF LAWYER REGULATION,      OPINION and ORDER
KEITH SELLEN, TRAVIS J. STIEREN,
ROBERT J. KASIETA,                                    19-cv-3-jdp
THERON EDWARD PARSONS, IV,
EDWARD A. HANNAN, JAMES J. WINIARSKI,
MARK W. RATTAN, LITCHFIELD CAVO, LLP,
STEPHANIE L. DYKEMAN,
WELLS FARGO BANK, N.A., and BRAD SCHIMEL,

                Defendants.

---

This lawsuit is a portion of a larger case removed from the circuit court for Dane County, Wisconsin and severed by District Judge William M. Conley before he recused himself. The original complaint was filed by plaintiff Wendy Alison Nora in state court, and she followed with an amended complaint adding two plaintiffs: Roger Peter Rinaldi (the plaintiff proceeding under this case number) and Christopher King. The amended complaint is roughly 50 pages long, but in a nutshell, plaintiffs allege the following: lawyers admitted to the Wisconsin bar are involved in a conspiracy to allow mortgage lenders or servicers to use fabricated documents to foreclose upon homeowners. Nora represented Rinaldi and his wife in at least one such case. When homeowners complain to the state's Office of Lawyer Regulation (OLR), staff chooses not to investigate those claims. Plaintiffs believe that the OLR staff are part of a conspiracy to conceal rampant fabrication of documents in foreclosure proceedings. Rather than investigate

the lawyers who participate in this conspiracy, OLR has chosen to investigate Nora, resulting in her suspension from the Wisconsin bar. *See Disciplinary Proceedings Against Nora*, 2018 WI 23, 380 Wis. 2d 311, 909 N.W.2d 155. Plaintiff King, a journalist and videographer, attended one of Nora's disciplinary hearings and was physically assaulted by a mortgage servicer's lawyer.

Plaintiffs brought claims under the United States and Wisconsin constitutions and Wisconsin laws regarding disclosure of Nora's medical records. Plaintiffs also stated their intention to further amend the complaint to add claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and its Wisconsin analogue, the Wisconsin Organized Crime Control Act (WOCCA). *See* Dkt. 2-2 (plaintiffs' first amended complaint). They filed a motion for leave to amend the complaint along with a proposed second amended complaint containing RICO and WOCCA claims, *see* Dkt. 38-6, but that motion was not decided before the case was removed to this court.

Currently, the first amended complaint is the operative pleading. The defendants are as follows, broken up into the following groups:

- The state of Wisconsin, the Wisconsin Supreme Court, and Chief Justice Patience D. Roggensack.

- OLR, Keith Sellen, Travis J. Stieren, Robert J. Kasieta, Theron Edward Parsons, IV, Edward A. Hannan and James J. Winiarski (whom the court has already dubbed collectively as the "OLR defendants").

- Litchfield Cavo, LLP, Mark W. Rattan, and Stephanie L. Dykeman (collectively, the "Litchfield Cavo defendants").

- Wells Fargo Bank.

The issues before me now are whether the case was properly removed, whether any of Judge Conley's pre-recusal rulings should be reconsidered, and whether Rinaldi's portion of the complaint states any plausible claims for relief. I conclude that the case was properly removed,

that none of Judge Conley's rulings need to be changed, and that Rinaldi does not bring any plausible claims for relief. So I will dismiss the case.

**A. Removal**

The case was removed to this court by defendants Rattan, Dykeman, and Litchfield Cavo within 30 days of receiving plaintiffs' first amended complaint. They contend that they were not properly served. All defendants joined in the removal.

This case was initially assigned to Judge Conley, who on January 18, 2019, held a telephonic hearing on the parties' various motions. Judge Conley severed each of the three plaintiffs' claims into separate cases because "there appear[ed] to be no meaningful factual or legal overlap." Dkt. 18, at 4. He recused himself from Nora's case (19-cv-62) and later recused himself from Rinaldi's case as well. Both cases have been reassigned to me.

One of the issues addressed at the January 18 hearing was whether the case was properly removed. Judge Conley noted that under 28 U.S.C. § 1446(b)(2)(B), a defendant has 30 days from receipt or service of an "initial pleading or summons" to file a notice of removal. The Litchfield Cavo defendants filed their notice of removal within 30 days of receiving the *first amended complaint*, well after service of the original complaint upon the defendants named in that pleading, although the Litchfield Cavo defendants were not named in the original complaint. Judge Conley gave these defendants a chance to brief whether removal was timely.

The authorities defendants cite in their responses show that removal is proper: newly added defendants are entitled to seek removal of a case running from the first version of the complaint they are served with. *See Knudsen v. Liberty Mut. Ins. Co.*, 411 F.3d 805, 807 (7th Cir. 2005) ("an amendment to the pleadings that . . . adds a new defendant, opens a new window of removal"); *Braud v. Transp. Serv. Co. of Ill.*, 445 F.3d 801, 805 (5th Cir. 2006)

("Therefore, as to the new defendant, removability is determined as of the date of receipt of service of the amended complaint, not as of the date on which the original suit was filed in state court."); *see also Act II Jewelry, LLC v. Wooten*, No. 15 C 6950, 2015 WL 7889039, at *3 (N.D. Ill. Dec. 4, 2015) (discussing legislative history showing purpose of "last-served defendant" rule is to give later-served defendants an equal chance to remove a case).

In a January 23, 2019 order following the telephonic hearing, Dkt. 18, Judge Conley stated that Nora contended that defendants who object to service lack standing to seek removal. Judge Conley gave plaintiffs a chance to brief this argument. As discussed further below, plaintiff Rinaldi has bowed out of the litigation, stating that he has assigned his claims to Nora. Regardless the validity of this assignment, I will consider Nora's filings on this and other matters.

Nora objects to Judge Conley's rulings in many respects, but she does not press the specific issue raised by Judge Conley at the hearing. Instead, she appears to concede that the removal is proper at the moment, but she questions whether removal would remain proper if the Litchfield Cavo defendants were dismissed for lack of proper service. *See* Dkt. 22, at 5. Ultimately, that concern is immaterial because I will dismiss the lawsuit in its entirety.

**B. Motion for reconsideration of Judge Conley's rulings**

Nora has submitted a document she calls an "objection" to Judge Conley's January 23 order, filing the same document in all three severed cases. *See* Dkt. 22. Judge Conley rejected the filing in Rinaldi's and King's cases for lack of standing because Nora is currently barred from representing others in this court. Nonetheless, I will consider some of the issues Nora raises in the filing, because if I were to void any of Judge Conley's earlier rulings, it might affect

Rinaldi's case. I will treat Nora's motion as one for reconsideration of Judge Conley's order, and deny that motion.

Nora contends that all of Judge Conley's rulings in the January 23 order are void because he recused himself before addressing other issues. But the precise timing of Judge Conley's various rulings at the hearing or within his order is immaterial. That is, whether or not Judge Conley announced his intention to recuse himself at some point during the hearing, does not automatically void any rulings he made during the hearing.

In any event, most of the rulings in that order are scheduling decisions setting further briefing on various issues; no party was prejudiced by those schedules so there is no reason to reconsider the validity of those decisions. With regard to severance of the three plaintiffs' cases, Judge Conley did not recuse himself from King's case and had not yet recused himself from Rinaldi's, so he remained free to sever those individual cases. And at least as it pertains to Rinaldi's case, it is difficult to see how severance is still a material issue, given that Rinaldi says that he has transferred interest in his claims to Nora, who has submitted many documents captioned in both her and Rinaldi's case. I discuss the transfer issue below.

C. Transfer of claims and dismissal

At the January 18 hearing, Rinaldi expressed interest in providing his own amended complaint containing only WOCCA claims; Judge Conley directed him to submit an individual amended complaint. But instead, Rinaldi has attempted to transfer his interest to Nora; she has submitted two documents stating that Rinaldi has transferred his interest in (1) his constitutional claims listed in the first amended complaint; and (2) his WOCCA claims stated in plaintiffs' proposed second amended complaint, Dkt. 38-6, which was still pending when the case was removed. *See* Dkt. 35 and Dkt. 54. This seems like a blatant attempt to circumvent

Nora's suspension to practice in this court. If it mattered to the outcome of Rinaldi's case, I might ask the parties for further briefing on the propriety of the transfer. But I need not do so because none of Rinaldi's claims in either complaint have any merit.

Different groups of defendants have filed motions to dismiss the claims against them on various grounds. *See* Dkt. 2-5; Dkt. 20; Dkt. 60; Dkt. 86. I also retain the inherent authority to dismiss cases sua sponte. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (*in forma pauperis* statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status."); *see also Roby v. Skupien*, 762 F. Supp. 813, 813 (N.D. Ill. 1991) ("There is . . . well-established authority that this court has broad, inherent power to sua sponte dismiss an action . . . which is frivolous, sham, vexatious or brought in bad faith."). I conclude that it is unnecessary to consider all of the arguments raised by defendants in their various motions. On my own motion, I will dismiss all of Rinaldi's claims because of several glaring problems with his allegations.

Between the first amended complaint (the operative pleading) and plaintiffs' proposed second amended complaint, Rinaldi alleges that state OLR officials failed to protect his rights to due process and to petition the government by conspiring with mortgage servicers and the servicers' lawyers to conceal fabrication of mortgage documents and other evidence. Rinaldi, King, and Nora attempt to tie their claims together by repeatedly saying that defendants were part of a "RICO/WOCCA Enterprise." That is an extraordinary allegation of conspiracy to

6

harm the public, one that is not actually supported by the allegations in either complaint. I conclude that Rinaldi fails to state a plausible violation of either of these statutes.

The necessary elements of a RICO claim under 18 U.S.C. § 1962(c) are: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 778 (7th Cir. 1994) (quotation omitted). Section 1962(d) makes it unlawful "for any person to conspire to violate the provisions of subsection . . . (c)." To satisfy the enterprise element, the plaintiff must allege an enterprise, which is "an ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision-making." *Jennings v. Emry*, 910 F.2d 1434, 1440 (7th Cir. 1990) (citations omitted). The Wisconsin legislature based WOCCA on RICO, and case law interpreting RICO is persuasive authority with respect to the interpretation of the Wisconsin law. *State v. Judd*, 147 Wis. 2d 398, 401, 433 N.W.2d 260 (1988).

Plaintiffs conclusorily allege that the various state and private actors conspired in an enterprise. They do allege that OLR staff heard complaints about lawyers for mortgage servicers and that the OLR sanctioned Nora in part for her work on foreclosure cases. But that does not mean that OLR staff or the private defendants intentionally conspired with each other against plaintiffs. *See Reves v. Ernst & Young*, 507 U.S. 170, 185 (1993) (RICO "liability depends on showing that the defendants conducted or participated in the conduct of the 'enterprise's affairs,' not just their own affairs."); *Limestone Develop. Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008) ("RICO cases, like antitrust cases, are 'big' cases and the defendant should not be put to the expense of big-case discovery on the basis of a threadbare claim."). All that plaintiffs allege against the OLR defendants is that they made decisions about investigation or lawyer discipline that plaintiffs did not like. They do not explain how those

7

decisions were actually connected to an enterprise with the private defendants. So I will dismiss those claims. Moreover, the allegations are so lacking in plausibility that I see no reason to allow plaintiffs an opportunity to attempt to amend this portion of the complaint.

Even taking aside the RICO or WOCCA claims, the other major problem facing Rinaldi is that he does not state a plausible claim for any harm befalling *him* other than his own foreclosure. He and his wife were the homeowners in this chain of events, Nora was the Rinaldis' lawyer, and King was the videographer who was allegedly assaulted during Nora's lawyer-discipline hearing. King obviously has the right not to be assaulted, and Nora says that her right to due process in her disciplinary proceedings was violated. Rinaldi's connection to the OLR proceedings are more tenuous: he says that OLR did not properly investigate his claims of mortgage fraud and staff interfered with allegations of mortgage fraud in Nora's disciplinary proceeding.

But the state court has already issued a foreclosure judgment on the Rinaldis' property in *HSBC Bank USA, N.A. v. Rinaldi*, Kenosha County Circuit Court No. 17-cv-473, despite the Rinaldis raising fraud and WOCCA counterclaims in that case. *See* Dkt. 77-33 (state court's order June 14, 2018 order granting judgment in favor of HSBC).[1] Additionally, the Rinaldis twice brought similar claims in adversary proceedings in the United States Bankruptcy Court for the Eastern District of Wisconsin, only to see them dismissed. *See Rinaldi v. HSBC Bank USA, N.A.*, No. 13-CV-336-JPS, 2013 WL 5876233, at *6 (E.D. Wis. Oct. 31, 2013) ("the bankruptcy court's determination that the note is valid and enforceable, and entitled HSBC to

---

[1] This was actually the second time that the circuit court issued a judgment of foreclosure on the property, but the court dismissed the case after Rinaldi and HBSC negotiated a loan modification. See Dkt. 88-1 (record of proceedings in *HSBC Bank USA, N.A. v. Rinaldi*, Kenosha County Circuit Court No. 09-cv-353.

file the claim to enforce the note, was entirely correct and appropriate") *aff'd sub nom. In re Rinaldi*, 778 F.3d 672 (7th Cir. 2015); Dkt. 88-25–88-27 (records from the Rinaldis' second adversary proceeding, *In re Rinaldi*, Adversary No. 15-02186-mdm (Bankr. E.D. Wis.)). Rinaldi's claims are largely premised on fraud concerning his own mortgage, but the principle of issue preclusion bars me from reconsidering the validity of the foreclosure of his property.

A state court judgment is entitled to the same preclusive effect in federal court as that judgment would have in state court. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Under Wisconsin law, "issue preclusion . . . is a doctrine designed to limit the relitigation of issues that have been contested in a previous action between the same or different parties." *Michelle T. v. Crozier*, 173 Wis. 2d 681, 687, 495 N.W.2d 327, 329 (1993). Issue preclusion applies when two criteria are met. The first requires that "the question of fact or law that is sought to be precluded actually must have been litigated in a previous action and [have been] necessary to the judgment." *Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶ 17, 281 Wis. 2d 448, 699 N.W.2d 54. The second criterion requires the court to "determine whether it is fundamentally fair to employ issue preclusion given the circumstances of the particular case at hand." *Id*. Under federal common law, issue preclusion applies when the party against whom the issue was resolved had (1) a full and fair opportunity to litigate the issue in the previous suit and (2) "a meaningful opportunity to appeal the resolution of the issue." *DeGuelle v. Camilli*, 724 F.3d 933, 935 (7th Cir. 2013).

Here, Rinaldi has litigated the issue of fraud in his mortgage and foreclosure process in both state and federal court, and he has lost those cases. I conclude that there is nothing unfair about holding Rinaldi to the courts' determinations in those cases. He is precluded from trying to undo those decisions in this lawsuit. I note that this result should be unsurprising to Nora

9

as the purported owner of these claims: this court has invoked issue preclusion in very similar way against another of her foreclosure clients. *Lisse v. Select Portfolio Servicing, Inc.*, No. 17-CV-206-JDP, 2017 WL 6021316, at *1 (W.D. Wis. Dec. 5, 2017), reconsideration denied, No. 17-CV-206-JDP, 2018 WL 840157 (W.D. Wis. Feb. 12, 2018).

Alternatively, if what Rinaldi means is that he was injured by the OLR defendants' actions in (1) responding to his complaints of *widespread* fraud by mortgage servicers, not just fraud in his own case; or (2) conducting disciplinary proceedings against Nora, his claims still fail. Rinaldi does not have standing to pursue any type of claim about OLR's investigations or about OLR staff's conduct in disciplinary proceedings against Nora. *See Spivey-Johnson v. O'Mahar*, No. 05-C-0081, 2006 WL 335441, at *6 (E.D. Wis. Feb. 13, 2006) (Because OLR has prosecutorial-type discretion in managing matters, private citizen lacks standing to bring claim for failing to properly investigate allegations of lawyer misconduct) (citing *Doyle v. Oklahoma Bar Ass'n*, 998 F.2d 1559, 1566–67 (10th Cir. 1993) ("Doyle has no more standing to insert himself substantively into a license-based discipline system than he has to compel the *issuance* of a license." (emphasis in original))).

Because I conclude that Rinaldi's portions of plaintiffs' joint complaints do not state any plausible claim for relief, I will dismiss his case. All of the parties' pending motions in this case will be denied as moot, including the motion for Rule 11 sanctions that Nora has filed against the Litchfield Cavo defendants and their counsel. Dkt. 95. Nora has filed an identical motion for sanctions in her own severed case, and I will direct the clerk of court to set briefing on the motion in that case.

ORDER

IT IS ORDERED that:

1. Plaintiff Wendy Alison Nora's motion for reconsideration of Judge Conley's January 23, 2019 order, Dkt. 22, is DENIED.

2. This case is DISMISSED. The clerk of court is directed to enter judgment for defendants and close the case.

3. All other pending motions are DENIED as moot.

4. The clerk of court is directed to set a briefing schedule for plaintiff Nora's motion for Rule 11 sanctions in her severed lawsuit, no. 19-cv-62-jdp.

Entered August 13, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge