IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WENDY ALISON NORA,

                            Plaintiff,

    v.

STATE OF WISCONSIN,
WISCONSIN SUPREME COURT,
PATIENCE D. ROGGENSACK,
WISCONSIN OFFICE OF LAWYER REGULATION,       OPINION and ORDER
KEITH SELLEN, TRAVIS J. STIEREN,
ROBERT J. KASIETA,                                19-cv-62-jdp
THERON EDWARD PARSONS, IV,
EDWARD A. HANNAN, JAMES J. WINIARSKI,
MARK W. RATTAN, LITCHFIELD CAVO, LLP,
STEPHANIE L. DYKEMAN,
WELLS FARGO BANK, N.A., and BRAD SCHIMEL,

                            Defendants.

---

        This lawsuit is part of case removed from the circuit court for Dane County, Wisconsin. The original complaint was filed in state court by plaintiff Wendy Alison Nora; she followed with an amended complaint that added two plaintiffs: Roger Peter Rinaldi and Christopher King. After removal, Judge Conley severed the case, placing each plaintiff's claims into a separate lawsuit. This case Nora's portion of the severed lawsuit. Judge William M. Conley recused himself from Nora's case and Rinaldi's, and they were assigned to me.

        I dismissed Rinaldi's case because he did not bring any plausible claims for relief. *See* Dkt. 90 (a copy of the *Rinaldi* order, docketed in this case). Many of the issues in Nora's case are the same as those in Rinaldi's case, so I repeat some of that background.

        Plaintiffs alleged the following in their first amended complaint in state court: some lawyers admitted to the Wisconsin bar are involved in a conspiracy to allow mortgage lenders

or servicers to use fabricated documents to foreclose upon homeowners. Nora represented Rinaldi and his wife in at least one such case. When homeowners complain to the state's Office of Lawyer Regulation (OLR), staff chooses not to investigate those claims. Plaintiffs believe that the OLR staff are part of a conspiracy to conceal the wide-spread fabrication of documents in foreclosure proceedings. Rather than investigate the lawyers who participate in this conspiracy, OLR has chosen to investigate Nora, resulting in her suspension of her Wisconsin law license. *See Disciplinary Proceedings Against Nora*, 2018 WI 23, 380 Wis. 2d 311, 909 N.W.2d 155. Plaintiff King, a journalist and videographer, attended one of Nora's disciplinary hearings and was physically assaulted by defendant Mark W. Rattan, who was representing defendant Stephanie L. Dykeman as she testified about her representation of a mortgage servicer.

Plaintiffs brought claims under the United States and Wisconsin constitutions and Wisconsin laws regarding disclosure of Nora's medical records. Plaintiffs also stated their intention to further amend the complaint to add claims under the Racketeer Influenced and Corrupt Organizations Act (RICO) and its Wisconsin analogue, the Wisconsin Organized Crime Control Act (WOCCA). *See* Dkt. 2-2 (plaintiffs' first amended complaint). They filed a motion for leave to amend the complaint along with a proposed second amended complaint containing RICO and WOCCA claims, *see* Dkt. 34-6, but that motion was not decided before the case was removed to this court.

So at this point, the first amended complaint is the operative pleading. The defendants fall into the following groups:

- The state of Wisconsin, the Wisconsin Supreme Court, Chief Justice Patience D. Roggensack. OLR, Keith Sellen, Travis J. Stieren, Robert J. Kasieta, Theron Edward Parsons, IV, Edward A. Hannan and James J. Winiarski (who I will call the "state defendants")

2

- Litchfield Cavo, LLP, Mark W. Rattan, and Stephanie L. Dykeman (who I will call the "Litchfield Cavo defendants")

- Wells Fargo Bank

The case was removed to this court by defendants Rattan, Dykeman, and Litchfield Cavo within 30 days of receiving plaintiffs' first amended complaint. They contend that they were not properly served. All defendants joined in the removal.

As in Rinaldi's case, Nora contends that the case was not properly removed and that the various rulings that Judge Conley made in the case before recusing himself are void. *See* Dkt. 20. I rejected these arguments in my August 13 order in Rinaldi's case, Dkt. 90, at 3–5, so I will discuss them further here. The case was properly removed and there is no reason to reconsider any of Judge Conley's rulings.

Several motions are before the court, but the main ones are motions to dismiss filed by each set of defendants. I will grant the motions to dismiss by Wells Fargo and the Litchfield Cavo defendants. The state defendants' motion to dismiss was filed in state court; I'll deny that motion as moot and ask for further input in light of Nora's later amendments to her complaint.

**A. Motion to supplement docket**

Nora has filed a motion to enter the entire voluminous pre-removal state-court record on this court's electronic docket. Dkt. 32. For the sake of completeness and ease of access to the electronic record, I will have the clerk of court scan and docket the state-court record as a single, large document. (With an exception identified in footnote 2 below.) Most of the state-court documents material to the issues currently in play in this lawsuit have already been placed on this court's docket by the parties. Going forward, the parties should cite the individual docket entries for state-court documents rather than to the large state-court file. If any other

part of the state-court record become relevant, the parties must identify the specific state-court document and cite the specific page of the state-court record where the document can be found. The court will disregard any citation to the state court record that does not follow this procedure.

B.  **Dismissal of "RICO/WOCCA Enterprise" claims**

Plaintiffs have attempted to tie their various legal theories and defendants together into one lawsuit by saying that were part of a "RICO/WOCCA Enterprise." In Rinaldi's case I explained that this "extraordinary allegation of conspiracy to harm the public" was "not actually supported by the allegations in either complaint." Dkt. 90, at 6–7. In particular, plaintiffs' allegations that OLR staff heard complaints about lawyers for mortgage servicers and that the OLR sanctioned Nora in part for her work on foreclosure cases did not mean that OLR staff or private defendants intentionally conspired with each other against plaintiffs. *Id.* at 7. I dismissed the RICO and WOCCA claims in Rinaldi's case and I will do so here as well.

C.  **Motions to dismiss**

Each set of defendants has filed its own motion to dismiss the case. I also have the inherent authority to dismiss claims or cases *sua sponte*. *Mallard v. U.S. Dist. Ct.*, 490 U.S. 296, 307–08 (1989) (in forma pauperis statute "authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision"); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("district courts have the power to screen complaints filed by all litigants, prisoners and non-prisoners alike, regardless of fee status").

1. Wells Fargo

Wells Fargo has filed a motion to dismiss Nora's claims against it for two reasons: (1) Nora did not properly serve it; and (2) Nora's complaint fails to state a claim against it. Dkt. 22. Regarding service of process, Wells Fargo contends that Nora's state-court summons was deficient. But, as Nora points out, the time limit for proper service in removal cases runs from the date of removal. *See UWM Student Ass'n v. Lovell*, 888 F.3d 854, 858 (7th Cir. 2018); *see also* 4B C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1137 (4th ed.). Whether the state-court summons was defective might not matter, because Nora had additional time to perfect service, and she indeed re-served defendants, including Wells Fargo. *See* Dkt. 73 (affidavit of service upon Wells Fargo). Wells Fargo did not file a reply brief or contest the propriety of the new service attempt, so I will not dismiss Nora's claims for lack of proper service.

But I will grant Wells Fargo's motion on the second ground, that Nora fails to state a claim upon which relief could be granted. In her first amended complaint Nora alleges that Wells Fargo was involved in rampant mortgage fraud and that OLR officials acted with Wells Fargo to conceal it and punish Nora for reporting it, violating the United States and Wisconsin constitutions. But I've already concluded that Nora cannot bring any claims relying on a conspiracy between state and private actors. And without those conspiracy allegations, Nora fails to plausibly allege that Wells Fargo acted "under color of" state law, which is a necessary element of a claim under 42 U.S.C. § 1983 for a violation of her rights under the United States Constitution. And she doesn't have a private cause of action under the Wisconsin Constitution. *See, e.g., Kingsley v. Raddatz*, No. 13-cv-432-bbc, 2014 WL 3447192, at *4 (W.D. Wis. July 11, 2014) ("The Wisconsin Constitution does not authorize suits for money damages except in the context of a takings claim.").

In her proposed second amended complaint, Nora adds new allegations of violations of the state and federal constitutions, saying that she was harmed by Wells Fargo's "interference with the press to expose the activities" at her disciplinary hearing. Dkt. 34-6, at 92. I take her to mean that Wells Fargo should be liable for defendant Rattan's alleged assault of King at Nora's disciplinary hearing. There are numerous problems with this claim, including that Rattan's actions cannot be imputed to Wells Fargo: he was representing defendant Dykeman at the disciplinary hearing; Dykeman had represented Wells Fargo in foreclosure proceedings. More fundamentally, these claims suffer from the same problem as her others: Wells Fargo wasn't acting under color of state law, and Nora can't bring a private cause of action under the Wisconsin Constitution. Accordingly, I will grant Wells Fargo's motion to dismiss.

2. **Litchfield Cavo defendants**

The Litchfield Cavo defendants filed a motion to dismiss in state court on the grounds that Nora's summonses were defective and that she failed to properly serve defendant Dykeman. Dkt. 2-5. But Nora got new summonses and re-served these defendants.[1] Nora and the Litchfield Cavo defendants later entered into a stipulation with Nora waiving any objection to service in return for them having more time to file a new response to Nora's first amended complaint. Dkt. 66. So I will consider the Litchfield Cavo defendants' motion to dismiss that was filed in state court to have been withdrawn.

In this court, the Litchfield Cavo defendants have filed a new motion to dismiss or stay the case. Dkt. 75. They ask me to sanction Nora by dismissing or staying the case until she can show that she has paid the various monetary sanctions issued against her for her previous work

---

[1] Nora also asked for an extension of time to serve defendant Rattan, Dkt. 64, to which defendants do not object. I will grant that motion.

as a lawyer in foreclosure-related cases, some of them involving the Litchfield Cavo defendants. *See In re Lisse*, 921 F.3d 629 (7th Cir. 2019) (upholding this court's orders sanctioning her $1,837.50, sanctioning her $2,500, suspending her from practicing in the Western District of Wisconsin, and lifting the stay on another $2,500 sanction previously issued by the court of appeals); *In re Rinaldi*, 778 F.3d 672 (7th Cir. 2015) (upholding $1,000 sanction issued by the United States District Court for the Eastern District of Wisconsin); *In re Disciplinary Action against Nora*, No. A18-1574, 2019 WL 2203283, at *6 (Minn. May 22, 2019) (ordering Nora to pay $900 in costs associated with the suspension of her law license in Minnesota).

Nora is currently barred from appearing as a lawyer in this court, but that sanction does not prevent her from representing herself in a case that was removed to this court. The Litchfield Cavo defendants ask me to extend the filing bar against Nora because of her history of misconduct. This court has the power to sanction parties for misconduct. *See Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015) ("A district court has inherent power to sanction a party who 'has willfully abused the judicial process or otherwise conducted litigation in bad faith.'" (quoting *Salmeron v. Enterprise Recovery Systems, Inc.*, 579 F.3d 787, 793 (7th Cir. 2009)). This court has sanctioned Nora for her previous acts of misconduct by fining her and suspending her from practice. I decline to further restrict Nora at this point, even though I recognize that Nora persisted in pursuing frivolous causes of action in the *Rinaldi* case and against at least some of the defendants in this case. But that doesn't mean that Nora is completely off the hook: if I dismiss the case in its entirety or as circumstances warrant, I will revisit the filing-bar and sanctions issue.

Nora has filed a motion to strike defendants' reply brief in support of their motion to dismiss, Dkt. 81, and a motion sanctions against them under Federal Rule of Civil Procedure

7

11, Dkt. 84. Nora says that defendants knew that she was not flouting the sanctions orders—she has paid some of her sanctions already and is still seeking appellate remedies for others. Nora also contends that defendant's filing-bar request is frivolous to the point of inviting Rule 11 sanctions. I will deny both motions because Nora's arguments are meritless. It is undisputed that Nora has not paid all of her sanctions, and defendants make a reasonable argument extending the filing bar against her.

The Litchfield Cavo defendants seek dismissal on the merits: they contend that Nora has failed to state any claim upon which relief may be granted against them. I agree, for basically the same reasons that I granted Wells Fargo's motion to dismiss. Nora cannot rely on a RICO or WOCCA conspiracy to connect the Litchfield Cavo defendants to state actors, so she cannot meet the "under color of law" requirement for a constitutional claim under § 1983. And Nora doesn't have a private cause of action under the Wisconsin Constitution. Perhaps plaintiff *King* would have a claim against Rattan for Rattan's alleged assault. But that doesn't support any federal or state constitutional claim by *Nora* against Rattan. Accordingly, I will grant the Litchfield Cavo defendants' motion to dismiss.

**D. Remaining claims against state defendants**

That leaves the core of Nora's claims: misconduct by OLR officials in investigating attorney-discipline matters and conducting proceedings. Nora's claims against OLR are not as obviously deficient as Rinaldi's, because Nora was the direct subject of an OLR investigation and disciplinary proceedings. But there are still major problems with her claims.

The state defendants named in the original complaint filed a motion to dismiss that complaint in state court.[2] The state defendants gave persuasive reasons for dismissing at least

---

[2] For ease of future reference, I will direct the clerk of court to docket Nora's original complaint,

8

the bulk of Nora's claims: Nora failed to file a notice of claim, and both caselaw on and the Supreme Court Rules governing lawyer discipline bestow immunity to OLR officials. *See* Wis. SCR 21.19 ("Privileges, immunity"); *Kissell v. Breskow*, 579 F.2d 425, 430 (7th Cir. 1978) (executive director of Wisconsin Judicial Commission entitled to quasi-judicial immunity for his investigations into attorneys and judges). But Nora amended her complaint once and asked the state-court to amend it again. The state court did not rule on the second motion to amend, and Nora now asks me to accept her second amended complaint. Dkt. 34.

Under Federal Rule of Civil Procedure 15(a)(2), I "should freely give leave when justice so requires." So I will grant Nora's request and consider the second amended complaint, Dkt. 34-6, as the operative pleading. But a district court has broad discretion to disallow amendments that would be futile. *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("A district court need not allow the filing of an amended complaint, even when no responsive pleading has been filed, if it is clear that the proposed amended complaint is deficient and would not survive a motion to dismiss."). Parts of the second amended complaint, Dkt. 34-6, are plainly futile.

As discussed above, I've already considered and rejected claims Nora makes in the second amended complaint against Wells Fargo and the Litchfield Cavo defendants. Nora attempts to add Fidelity National Title Company and lawyers who represented it as defendants; I will not allow her to add those claims for the same reasons that I dismissed claims against Wells Fargo and the Litchfield Cavo defendants.

---

the state defendants' motion to dismiss, and the briefing on that motion as individual entries on this court's docket.

9

But Nora's second amended complaint also seeks to add claims against Sheryl St. Ores (OLR assistant litigation counsel), Paul Schwarzenbart (retained OLR counsel), and Lisa Goldman (the assigned referee in the first OLR disciplinary hearing against Nora). Nora also adds a claim for violation of her Fourth Amendment rights for the search of her medical records.

The state defendants have not directly asked me to dismiss the new claims, although the principles articulated in their original motion to dismiss would also apply to at least some of them. The state defendants have asked for a stay to respond to Nora's first amended complaint and for a status conference "to address matters including responses to the first amended complaint, pending motions, and future proceedings in federal court." Dkt. 30. Nora joins in the motion to stay and has filed a similar motion. Dkt. 33 and Dkt. 36.

I will grant the parties' motions in part. There is no need to hold a status conference; this order disposes of all of the pending motions. I'll deny the state defendants' motion to dismiss the original complaint as moot. I'll give the state defendants a chance to file a new motion to dismiss, addressing the claims raised in Nora's second amended complaint. To be clear: the question is whether any part of Nora's second amended complaint against the state defendants can survive a motion to dismiss.

Should any portion of Nora's second amended complaint survive the motion to dismiss, I'll give defendants a deadline to file an answer and the court will then hold a preliminary pretrial conference before Magistrate Judge Stephen Crocker.

ORDER

IT IS ORDERED that:

1. Plaintiff Wendy Alison Nora's motion objecting to rulings made in the court's January 23, 2019 order, Dkt. 20, is DENIED.

2. Plaintiff's motion to place the state-court record on this court's electronic docket, Dkt. 32, is GRANTED. The clerk of court is directed to docket the entire state-court record. The clerk is also directed to docket individual documents from the state-court record as discussed in the opinion above.

3. Defendant Wells Fargo's motion to dismiss, Dkt. 22, is GRANTED.

4. The Litchfield Cavo defendants' first motion to dismiss, Dkt. 2-5, is deemed WITHDRAWN.

5. Plaintiff's motion for an extension of time to serve defendant Rattan, Dkt. 64, is GRANTED.

6. Plaintiff's motion to strike the Litchfield Cavo defendants' reply brief supporting their second motion to dismiss, Dkt. 81, is DENIED.

7. Plaintiff's motion for sanctions, Dkt. 84, is DENIED.

8. The Litchfield Cavo defendants' second motion to dismiss, Dkt. 75, is GRANTED.

9. Wells Fargo, Litchfield Cavo, LLP, Mark W. Rattan, and Stephanie L. Dykeman are DISMISSED from the case.

10. Plaintiff's motion for leave to amend her complaint, Dkt. 34, is GRANTED.

11. The state defendants' motion to dismiss the original complaint, filed in state court, is DENIED as moot.

12. The parties' motion to stay proceedings, Dkt. 30 and Dkt. 36, are GRANTED in part.

13. The state defendants may have until October 15, 2019, to submit a new motion to dismiss addressing plaintiff's second amended complaint.

Entered September 23, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge